Number 2007-3073, Jordan Joseph v. the Public Trade Commission. Ms. Trapp. Good morning. May it please the Court, this appeal raises the issue of whether a federal agency may announce a position competitively, and there's no doubt that that's how it's announced here, open to all qualified candidates, and then prepare separate certificates of eligibles, and use them in a fashion that essentially voids the rights of the preference eligible. But they were running simultaneously a merit promotion program, right? Along with the competitive program? Yes, Your Honor, we do know that they decided to prepare a merit promotion certificate next to the competitive certificate, but what I think is critical here, and what's important in the initial decision that was rendered by Judge Scully, is that the agency chose to announce the position competitively, and it's in that situation where Judge Scully found, and what petitioner submits to the Court, that once it is opened up competitively, that's when the preference eligible rights attach. I'm not clear exactly. Is your contention that once the agency announced it was open competitively, it was required to fill the position from the competitive register, and couldn't fill it from the other register? Yes, in the sense that I am saying that, Judge. What would define that requirement? I don't understand that, because I assume that an agency has broad discretion on what basis it's going to fill a position. Let me address that, Judge, because as soon as there is a competitive announcement and a competitive certificate prepared, those preference eligible rights do not simply mean a right to have arithmetic. It's not just let's add up some points and see where you fall. Certainly the agency could have determined that they wanted to pass over this individual and sought approval for OPM. They did not do that, but the basis for my position is this. It's really based twofold, both on congressional intent and on the statutory language, because if we look back at the legislative history, it basically indicates, the comments were at the time, that under this bill, whenever an agency opens the competition to civilian employees outside of its own workforce, it must allow these qualified veterans to compete. And it goes on to say that it makes the violation of veterans' preference laws a prohibited personnel practice. This means that bureaucrats who violate veterans' rights do so at their own peril. But as I understand it, the dual registers are also authorized by statute. Yes, but what has not been addressed, Your Honor, is how do we deal with dual registers sitting side by side, where one would provide a veteran with a job, absent pass over approval, and the other would not? And I would look to the words of the statute here. What about the Abell case? In Abell, you had the same circumstance with an open competitive system running simultaneous with a merit promotion system. And in that case, they did the same thing. They decided to hire out of the merit promotion system. The only difference is they canceled the open competitive before they did that. Well, I think that cancellation is an important point, Your Honor, because here, if you're saying an agency may keep open all the certificates, decide whom they want to select, and then say, okay, I'm going to pick the procedure that gets me to my desired- You're saying that they can't do in one step what we allowed them to do in two steps. Well, I think by- In Abell, we allowed them to do exactly what they did here, except they took an extra step of canceling the competitive program first. And you're saying they could do that, but they can't do it all in one step, which is just hire before canceling the open competitive program. Let me clarify, because I think there's two big differences between this case and the Abell case. One important difference is Abell was found to not be qualified for the position. Here we have a petitioner who was not just found to be qualified. He scored higher by the subject matter expert before the additional points were added on. And obviously, the agency was very interested in both of these very well-qualified candidates. So it's a different situation. But also, by keeping open all the certificates, that allows an agency really to decide on a procedure after it picks the person. We don't know that. You said they decided on a procedure after they selected the candidate. We don't know that. All we know is that they had two registers, and they decided to select a candidate from the merit register, not the competitive register, the other register. And then there were four candidates, and they selected one, and it wasn't your client. Well, I would respectfully disagree on it, because what we know from the documentation that's in the record and the agreed-upon material facts, and I think one of the positive things for resolving this issue for the court is that we do have agreed-upon material facts, is that all of these registers were still open, and we know from the document they selected off the other list. Do you imply that they couldn't maintain two registers? I maintain that they could not maintain those two registers and turn a blind eye to the preference eligibles' rights. And I'd like to get quickly to the statutory language that I rely on in part. We know certainly it was just a competitive selection, that they could not have done what they did. But under 3304 F-3, let me back up to F-1. It indicates, of course, that in a merit promotion, that if consideration is opened up, veterans have the right to compete, not to simply apply, but to compete. And in F-3, it indicates that there will be no preference eligible rights except as otherwise required by law. Now, if Congress intended to say there were no preference eligible rights in this situation, it could have and would have simply said that. No preference eligibility rights. But it didn't say that. It said except as otherwise required by law. And I would submit that as soon as you open it up to competition, and you have a competitive announcement, and you have a competitive register, that that means that it is otherwise required by law that those preference eligibility rights be addressed and honored, not simply pushed to the side, because otherwise- In the bill, they did that. They opened it up to open competitiveness and still hired someone from the internal list. But before they did that, Your Honor, they decided on what procedure they were using. They canceled the other list. And, again, I will point out that in the bill, you had a petitioner who was found not to be qualified for the position. And that may well have been why they canceled the list. They didn't do that here. They knew they had two good live candidates to choose from. And I will argue as the basic veterans preference that the veteran gets ten additional points. That's right, Your Honor. And what happened here, and, again, we have- They get ten additional points, and then, as I understand it, if the veteran in this competition, and this is a competitive procurement, if the veteran is number one, the agency cannot go to one of the other two unless they've gotten approval from OPM to pass over the veteran. But there's not a general preference for veterans. It's ten points. There's no veterans preference in the merit promotion plan, is there? No, there is not, Your Honor. And no one questions that? No one questions that. What we have in front of the court is a practice that is being engaged in with increasing frequency agencies of saying, okay, we're going to use all the processes at the same time. See, I still don't understand why you say that once they set up the two registers, and they're precluded from saying, okay, we're going to fill this position on the merit protective register, merely because it turns out that there's a veteran on the other register who is at the top of the list. I don't understand what there is in the statute or any regulation that compels that result. Let me try to be clearer about my argument, Your Honor. Certainly an agency can announce a merit promotion, only consider individuals within the agencies, and there is no question. A merit promotion system is limited to people within the agency? No. Originally it was predominantly used to look within the agency, and in that circumstance there certainly is no veterans preferences that come into play. But Congress adopted the law that once an agency decides to open up consideration beyond within its own agency, then in that instance veterans must be allowed to compete, for word of art, compete, not apply, and that there will be no other preferences other than those already required by law. Didn't he compete? He competed. He, in fact, was one of the four that they considered before they selected someone else. What this really comes down to, Judge, and I'm glad that you raised that, is what does the word compete mean in the context of the VEOA? Participating in the process. I would beg to differ, Your Honor, because to compete under the context of the VEOA means that a veteran in the competition will be given certain additional points and certain rights. I understand and I think that the word to compete means to be selected. No, Your Honor, I do not say that. However, in this particular case… You say it's something more than to be fully considered, but it's something less than to be selected. Well, the only thing I can think of in between is that the veteran is one of those who is considered. You can give the opportunity at least to get up to the plate. You don't say he's going to have to get on base, but at least you give him an opportunity to compete against some of the others. Otherwise, if he didn't have that opportunity, he wouldn't even be in the running. Except, Your Honor, in this context, the word compete has been used by Congress to award certain points and say that you cannot pass over that person absent pass over approval for OPM. I see that I'm in my rebuttal time, so I would like to stop for a few minutes. The legislation addressed just the question of whether there's one registry. The legislation doesn't touch on the question of whether there's two registries. Well, I think we have to look at legislative intent and the words of the statute that say except as otherwise required by law. It's my position that in this case it is required by law in that opening it up competitively would require that. I will like to say we balance in my argument time for rebuttal. Thank you, Judge Newman. May it please the Court, I'm John Quinn for the government. Respondent Federal Trade Commission did not violate the petitioner's veteran's preference rights when it selected an internal candidate instead of him under the merit promotion procedures. Can you explain something to me? What's going on here? This sort of crazy business. If you have two different registers, they could have at the very beginning said we're going to fill this position under the merit systems procedure. They could have said that and then he would have had no rights. Is that right? Under their merit system provision, I understand it's limited to people within the agency. Is that right? Well, when you have a merit promotion procedure, you can look just within the agency. And petitioner concedes that if you do that there would be no veteran's preference whatsoever. You can also look beyond the agency. And that's what Congress was addressing in 3304F. That is where an agency is using merit promotion procedures but decides to look outside the agency to others who have competitive status, typically other federal employees or former federal employees. But to look outside the agency, they have to use the competitive register? No, not at all, Judge Friedman. And, indeed, that is the upshot of the argument the petitioner has made. I've never seen what's going on here. Maybe you can tell me. This is the first time I've ever seen this kind of a procedure filling a government job. Normally you have a register and they take the one they think is best qualified. Now we have two registers and they look at them and they say, okay, we're going to pick it off this first register. Well, Judge Friedman, you have two different methods of hiring within the competitive service. One possible method, of course, is merit promotion, which can either be limited internally or can look externally but still using merit promotion procedures where a veteran's preference wouldn't apply. Another approach would be open competitive. Now those would be open to the world at large. People who did not have competitive status could be considered. And it's quite typical for agencies, and this is longstanding practice and it's something that OPM has recognized, certainly predating the 1998 VEOA, for agencies to use multiple certificates. That's exactly what happened in Abel. That's exactly what happened in the Ward case, which this court affirmed. Let me ask you a different question. Could the agency have said at the very beginning, we're going to fill this position under the merit protection, merit systems procedures, but we will accept applications from outside the agency and consider them as part of a merit promotion system? It could, Judge Friedman, but bear in mind that the only universe of people who could participate under that system would be those with competitive status and veterans pursuant to the VEOA of 1998. If they opened it up that way, they could not also solicit applications from the world writ large. And so by doing it this way, what it serves to do is actually broaden the opportunities for veterans to compete. As OPM has in its delegated examining operations handbook, if you run a system where you consider candidates under all appropriate authorities, namely open competitive, merit promotion, many veterans will have the opportunities to be considered under both of those systems. Whereas if you say that you can't use multiple certificates, in other words, multiple ways of hiring, one focused on the external pool of people who don't have competitive status, one focused on, I'll call it the internal pool, but it's not strictly necessarily limited to the agency, but those who have competitive status, if you say that you can't do that at the same time, the upshot of that is, number one, you're going to end up not getting the full range of applications that you might possibly get because people will self-select. And number two is that you're going to create a system that where an agency thinks that it has an internal candidate that it might like to promote, it's going to discourage the agency from ever looking beyond its own agency. And therefore, the upshot will be to limit the opportunities for veterans to compete, not to expand them. Mr. O'Quinn, you heard Ms. Traub distinguish the Abell case based on an unqualified candidate and the cancellation of the open competitive program. Do those distinctions carry the day for her? They don't, Judge Rader. First of all, she characterizes one of the candidates, I guess the petitioner in Abell, as having been unqualified. And I think that the person who was ultimately to make the hiring decision questioned that person's qualifications. But he wasn't actually the candidate who was found to be unqualified and removed from the certificate. That was a Mr. Small who was actually the subject of a companion case. So I don't think that that would make a difference. Second of all, if it does make a difference, it's only a difference in degree, not a difference in kind. And that is, in this case, the hiring authority looked at two candidates and concluded that one was much more qualified for the position. So the notion that somebody was unqualified or more qualified is a difference in degree versus kind. And second, with respect to cancellation, I want to turn to that, Judge Rader. The upshot of requiring cancellation in order to move forward would essentially be to elevate form over substance. And it would actually work to the disadvantage of persons like the petitioner. And the reason, of course, is these certificates are good for more than a single position at a single point in time. Once you create a certificate, it's good typically for a year. That's the case here as reflected in the record. And an agency, if it has then a second vacancy to arise of a similar type position, can simply go back to those preexisting certificates and hire from them without having to start the whole process from scratch. So cancellation, I don't see how that makes a substantive difference. And it really would elevate form over substance when you recognize, of course, that the agency has discretion to run a procedure where it will only look internally and therefore clearly doesn't have to consider veterans' preferences. Or if it has the discretion to look externally, decide that it doesn't like the candidate that it would have to pick, and then cancel that procedure. Once you open it up to the public and open up an expectation that there's going to be a competition that will include veterans' preferences, you have to follow through with that and use that to hire. Well, Judge Rader, the upshot of her position would mean that if you open it up to the public, you always have to use competitive procedures. And you can never hire under merit promotion procedures. And I would submit that the proper way of approaching this question, which is not – there is no statute, of course, that prohibits the use of multiple certificates. Nothing at all. And the petitioner can't point to one. And what you have is an expert agency that's charged with the implementation of the VEOA in 3304F5, as well as the implementation of veterans' preferences more generally and the competitive service laws more generally. If you see 5 U.S.C. 1302, you have an expert agency, OPM, that is specifically opined in 5 CFR 330.101 that an agency has complete discretion to use any procedure whatsoever. And they have – that's all they've used. I don't understand CFR. That's 5 CFR 330.101. And it's also cited in our brief. And I would also point out that the expert agency, OPM, has issued interpretive guidance that addresses the whole notion of doing competitive examinations. And that's in its authoritative delegated examining operations handbook. And that handbook makes clear at multiple places that it's contemplated that agencies will use multiple certificates. And again, the reason, of course, is it provides flexibility. It broadens the potential applicant pool or ensures that you'll get the broadest set of applicants possible. And it provides incentives. And it allows an agency to be able to look at an internal candidate and consider them for promotion. But at the same time, if they're not dead set on necessarily promoting that person, it allows them to look more broadly and actually, therefore, creates more opportunities for the world at large, including veterans, to compete. So I think that Abell is directly on point. And I would also note that prior to the cancellation in Abell, you had, in fact, the selection of a person under merit promotion procedures. That was actually before the cancellation took place so that they didn't fill the third position. The fact there was there were three positions that were being considered, and you had two certificates that were used to fill those three positions. One was a competitive. One was a merit promotion. And the agency filled one slot through the competitive means, one slot through merit promotion, and then it canceled the third in order to avoid giving it to the person who would otherwise have been next on the list. So if you can do that, it strains credulity to suggest that you can't, as you put it, Judge Rader, do at the same time what you could clearly do in TANF. Any more questions? Okay. Thank you, Mr. McQueen. Thank you. I'd like to very quickly just make three points. First, in terms of OPM, the handbook is very clear. It indicates there are three ways an agency can post a position, one, externally to all sources. That's exactly what the agency did here, open to all candidates. Or internally, just merit promotion within the agency. The agency did not choose to do that here. Or finally, to post it both ways, externally and internally, also a choice that was not made by the agency here. It was one announcement open to all qualified candidates, clearly a competitive announcement. But it did say, didn't it, that they had to indicate if they might have to file two applications or at least indicate that they were competing on them both? Yes, Judge, that does appear within it. I just want to be clear that this kind of announcement is open to the world and is competitive in nature. I'm not saying they didn't make reference to using other procedures. OPM has never indicated guidance on the use of tandem procedures and how that impacts on veterans' preferences. That's why the case is here. There has not been guidance saying you can use both procedures and you don't have to use veterans' preferences. All it has said is you can make a selection under any authorized procedure. So that has not been addressed specifically by OPM, and I think it's important to know that. Finally, this really presents an issue of are we going to let the agency decide when and if to apply veterans' preferences? Because that's what it comes down to. And I know the court is aware of its own cases, but since I have not cited in my brief, I just want to mention that a similar case came before the court a few months ago. Judge Newman, I know you sat on that case, where that question of using multiple certificates of eligibles came up. There was an insufficient factual record, so it was simply remanded back, and it's a non-precedential opinion. But the court did note that use of that procedure raises questions on its face. So I would urge your honors to please consider what impact this has on the veterans' rights. Because if an agency can simply divide up their certificates and say, you know what, we don't want that veteran, we're just going to use this other list, then really the agency is substituting its decision-making power for what Congress intended and legislated.